ALICE BOWER
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
(817) 737-5436   Tel.
(817) 737-2970   Fax
Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § § § CASE NO. 15-41423-DML13 | |
| DENISE LINDSEY § | |
| xxx-xx-7608 § § § | |
| 4448 Corner Brook Ln § | |
| Fort Worth, TX 76123 § § § § CHAPTER 13 § | |
| DEBTOR § | |

MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS

TO THE HONORABLE D. MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, DENISE LINDSEY, Debtors in the above styled and numbered case, and files this Motion for Authorization to Sell Real Property Free and Clear, and in support hereof, would respectfully show the Court as follows:

I.

The Debtors filed a voluntary petition seeking protection under Chapter 13 of Title 11 of the United States Bankruptcy Code on April 7, 2015.  PAM BASSEL is the Standing Chapter 13 Trustee.

II.

This Court has jurisdiction pursuant to 28 U.S.C. §1334 and §157(b).  This is a core proceeding.

III.

Among the assets of the Debtor's estate is the equity she retains in that certain real property located at 4448 Corner Brook Lane, Fort Worth, TX 76123; and more particularly described as follows:

LOT 37 BLOCK 34, SUMMER CREEK RANCH ADDITION, CITY OF FORT WORTH, COUNTY OF TARRANT, TEXAS

IV.

Debtors request the Court to grant authorization to allow the sale of Debtor's property free and clear of all liens, and that after full satisfaction of the mortgage liens, property taxes, and after distribution of applicable closing costs and expenses, that the amount of the exempt homestead proceeds in the amount of $13,000.00 be paid directly to the Debtor, that the remaining proceeds up to the amount of $60,000.00 be paid directly to the Chapter 13 Trustee. Any remaining proceeds in excess of $60,000.00 shall be paid directly to the Debtor.

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL COURTS BUILDING, 501 W. LAMAR, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON 5/19/2016, WHICH IS TWENTY (24) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IF FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTION PARTY.

IF NO HEARING ON SUCH NOTICE OF MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICE ACTION MAY BE TAKEN.

WHEREFORE, PREMISES CONSIDERED, the Debtors prays the Court for authorization to sell the above described real property free and clear, under the terms and conditions set forth herein, and for such other and further relief the Court may deem Debtors justly entitled.

Respectfully Submitted:

/s/ Sean Acker
Alice Bower
State Bar No. 14158500
Sean Acker
State Bar No. 24069273
Brandon Warren
State Bar No. 24095007
The Law Office of Alice Bower
6421 Camp Bowie Blvd., Ste 300
Fort Worth, TX 76116
817-737-5436 (Telephone)
817-737-2970 (Fax)
sean@alicebower.com
brandon@alicebower.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following listed parties-in-interest via First Class U.S. Mail on this the 25th day of April, 2016.

Timothy Truman, Office of the
Standing Chapter 13 Trustee
6851 N.E. Loop 820, Suite 300
N. Richland Hills, Texas   76180

OR

Pam Bassel

Standing Chapter 13 Trustee
6100 Western Place Dr. Suite 1050
Fort Worth, TX 76107

William T. Neary
U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

and all creditors listed on the matrix on file in this case.

/s/ Sean Acker
ALICE BOWER
SEAN ACKER

11-2-2015

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)
## ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)
NOTICE: Not For Use For Condominium Transactions

1. **PARTIES:** The parties to this contract are _Denise Lindsey_ (Seller) and _Katherine A. Loizos, Maria A. Loizos_ (Buyer). Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

2. **PROPERTY:** The land, improvements and accessories are collectively referred to as the "Property".
   A. LAND: Lot _37_ Block _34_, _Summer Creek Ranch Add_ Addition, City of _Fort Worth_, County of _Tarrant_, Texas, known as _4448 Corner Brook Lane_ _76123_ (address/zip code), or as described on attached exhibit.
   B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following **permanently installed and built-in items**, if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas, mounts and brackets for televisions and speakers, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property owned by Seller and attached to the above described real property.
   C. ACCESSORIES: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, artificial fireplace logs, and controls for: (i) garage doors, (ii) entry gates, and (iii) other improvements and accessories.
   D. EXCLUSIONS: The following improvements and accessories will be retained by Seller and must be removed prior to delivery of possession: _Curtains and rod on back door._

3. **SALES PRICE:**
   A. Cash portion of Sales Price payable by Buyer at closing .............. $ _240,000.00_
   B. Sum of all financing described in the attached: ☐ Third Party Financing Addendum, ☐ Loan Assumption Addendum, ☐ Seller Financing Addendum ......... $ _____
   C. Sales Price (Sum of A and B) ................................ $ _240,000.00_

4. **LICENSE HOLDER DISCLOSURE:** Texas law requires a real estate license holder who is a party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the license holder owns more than 10%, or a trust for which the license holder acts as a trustee or of which the license holder or the license holder's spouse, parent or child is a beneficiary, to notify the other party in writing before entering into a contract of sale. Disclose if applicable: _N/A_

5. **EARNEST MONEY:** Upon execution of this contract by all parties, Buyer shall deposit $_1,500.00_ as earnest money with _Old Republic Title_, as escrow agent, at _1405 N Highway 287, Ste 101, Mansfield 76063_ (address). Buyer shall deposit additional earnest money of $ _-0-_ with escrow agent within _N/A_ days after the effective date of this contract. If Buyer fails to deposit the earnest money as required by this contract, Buyer will be in default.

6. **TITLE POLICY AND SURVEY:**
   A. TITLE POLICY: Seller shall furnish to Buyer at ☒ Seller's ☐ Buyer's expense an owner policy of title insurance (Title Policy) issued by _Old Republic Title_ (Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions (including existing building and zoning ordinances) and the following exceptions:
   (1) Restrictive covenants common to the platted subdivision in which the Property is located.
   (2) The standard printed exception for standby fees, taxes and assessments.
   (3) Liens created as part of the financing described in Paragraph 3.
   (4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.

TAR 1601    Initialed for identification by Buyer _KL_ _ML_ and Seller _DL_    TREC NO. 20-13

JB Real Estate Group, 3333 Lee Pkwy - Suite 677 Dallas, TX 75219    Phone: (972) 693-5658    Fax: (972) 590-8791    4448 Corner Brook
John Brooks    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Contract Concerning _____4448 Corner Brook Lane_____ Page 2 of 9  11-2-2015
_____Fort Worth, Texas  76123_____
(Address of Property)

(5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.
(6) The standard printed exception as to marital rights.
(7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
(8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements: ☐ (i) will not be amended or deleted from the title policy; or ☒ (ii) will be amended to read, "shortages in area" at the expense of ☒ Buyer ☐ Seller.

B. COMMITMENT: Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or 3 days before the Closing Date, whichever is earlier. If, due to factors beyond Seller's control, the Commitment and Exception Documents are not delivered within the time required, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

C. SURVEY: The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only)
☒ (1) Within ___7___ days after the effective date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (T-47 Affidavit). If Seller fails to furnish the existing survey or affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date. If the existing survey or affidavit is not acceptable to Title Company or Buyer's lender(s), Buyer shall obtain a new survey at ☐ Seller's ☒ Buyer's expense no later than 3 days prior to Closing Date.
☐ (2) Within _____ days after the effective date of this contract, Buyer shall obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.
☐ (3) Within _____ days after the effective date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.

D. OBJECTIONS: Buyer may object in writing to defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; disclosed in the Commitment other than items 6A(1) through (8) above; or which prohibit the following use or activity: _Residential use_____.
Buyer must object the earlier of (i) the Closing Date or (ii) ___5___ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived by Buyer. Provided Seller is not obligated to incur any expense, Seller shall cure the timely objections of Buyer or any third party lender within 15 days after Seller receives the objections and the Closing Date will be extended as necessary. If objections are not cured within such 15 day period, this contract will terminate and the earnest money will be refunded to Buyer unless Buyer waives the objections.

E. TITLE NOTICES:
(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.
(2) MEMBERSHIP IN PROPERTY OWNERS ASSOCIATION(S): The Property ☒ is ☐ is not subject to mandatory membership in a property owners association(s). If the Property is subject to mandatory membership in a property owners association(s), Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners association(s). Restrictive covenants governing the use and occupancy of the Property and all dedicatory instruments governing the establishment, maintenance, or operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instruments may be obtained from the county clerk. **You are obligated to pay assessments to the property owners association(s).** The amount of the assessments is subject to

TAR 1601    Initialed for identification by Buyer _K_ _TM_ and Seller _DL_    TREC NO. 20-13
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    4448 Corner Brook

Contract Concerning ____4448 Corner Brook Lane____
____Fort Worth, Texas   76123____   Page 3 of 9   11-2-2015
(Address of Property)

change. **Your failure to pay the assessments could result in enforcement of the association's lien on and the foreclosure of the Property.**

Section 207.003, Property Code, entitles an owner to receive copies of any document that governs the establishment, maintenance, or operation of a subdivision, including, but not limited to, restrictions, bylaws, rules and regulations, and a resale certificate from a property owners' association. A resale certificate contains information including, but not limited to, statements specifying the amount and frequency of regular assessments and the style and cause number of lawsuits to which the property owners' association is a party, other than lawsuits relating to unpaid ad valorem taxes of an individual member of the association. These documents must be made available to you by the property owners' association or the association's agent on your request.

If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners Association(s) should be used.

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(4) TIDE WATERS: If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract. An addendum containing the notice promulgated by TREC or required by the parties must be used.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code: The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, §5.014, Property Code, requires Seller to notify Buyer as follows: As a purchaser of this parcel of real property you are obligated to pay an assessment to a municipality or county for an improvement project undertaken by a public improvement district under Chapter 372, Local Government Code. The assessment may be due annually or in periodic installments. More information concerning the amount of the assessment and the due dates of that assessment may be obtained from the municipality or county levying the assessment. The amount of the assessments is subject to change. Your failure to pay the assessments could result in a lien on and the foreclosure of your property.

(8) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code, requires Seller to notify Buyer as follows: The private transfer fee obligation may be governed by Chapter 5, Subchapter G of the Texas Property Code.

(9) PROPANE GAS SYSTEM SERVICE AREA: If the Property is located in a propane gas system service area owned by a distribution system retailer, Seller must give Buyer written notice as required by §141.010, Texas Utilities Code. An addendum containing the notice approved by TREC or required by the parties should be used.

(10) NOTICE OF WATER LEVEL FLUCTUATIONS: If the Property adjoins an impoundment of water, including a reservoir or lake, constructed and maintained under Chapter 11, Water Code, that has a storage capacity of at least 5,000 acre-feet at the impoundment's normal operating level, Seller hereby notifies Buyer: "The water level of the impoundment of water adjoining the Property fluctuates for various reasons, including as

TAR 1601   Initialed for identification by Buyer __KP__ __M__ and Seller __DL__ ____   TREC NO. 20-13
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   4448 Corner Brook

Contract Concerning _____Fort Worth, Texas   76123_____ Page 4 of 9  11-2-2015
(Address of Property)

a result of: (1) an entity lawfully exercising its right to use the water stored in the impoundment; or (2) drought or flood conditions."

7. **PROPERTY CONDITION:**
   A. **ACCESS, INSPECTIONS AND UTILITIES:** Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Any hydrostatic testing must be separately authorized by Seller in writing. Seller at Seller's expense shall immediately cause existing utilities to be turned on and shall keep the utilities on during the time this contract is in effect.
   B. **SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Notice):** (Check one box only)
   - [X] (1) Buyer has received the Notice.
   - [ ] (2) Buyer has not received the Notice. Within _____ days after the effective date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.
   - [ ] (3) The Seller is not required to furnish the notice under the Texas Property Code.
   C. **SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS** is required by Federal law for a residential dwelling constructed prior to 1978.
   D. **ACCEPTANCE OF PROPERTY CONDITION:** "As Is" means the present condition of the Property with any and all defects and without warranty except for the warranties of title and the warranties in this contract. Buyer's agreement to accept the Property As Is under Paragraph 7D(1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.
   (Check one box only)
   - [X] (1) Buyer accepts the Property As Is.
   - [ ] (2) Buyer accepts the Property As Is provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: _____.
   (Do not insert general phrases, such as "subject to inspections" that do not identify specific repairs and treatments.)
   E. **LENDER REQUIRED REPAIRS AND TREATMENTS:** Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer. If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.
   F. **COMPLETION OF REPAIRS AND TREATMENTS:** Unless otherwise agreed in writing: (i) Seller shall complete all agreed repairs and treatments prior to the Closing Date; and (ii) all required permits must be obtained, and repairs and treatments must be performed by persons who are licensed to provide such repairs or treatments or, if no license is required by law, are commercially engaged in the trade of providing such repairs or treatments. At Buyer's election, any transferable warranties received by Seller with respect to the repairs and treatments will be transferred to Buyer at Buyer's expense. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may exercise remedies under Paragraph 15 or extend the Closing Date up to 5 days if necessary for Seller to complete the repairs and treatments.
   G. **ENVIRONMENTAL MATTERS:** Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.
   H. **RESIDENTIAL SERVICE CONTRACTS:** Buyer may purchase a residential service contract from a residential service company licensed by from TREC. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $ 399.00 _____. Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.
8. **BROKERS' FEES:** All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

TAR 1601   Initialed for identification by Buyer __KaC_M__ and Seller __DL__   TREC NO. 20-13
                                                                                 4448 Corner Brook

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Contract Concerning __4448 Corner Brook Lane Fort Worth, Texas 76123__     Page 5 of 9   11-2-2015
(Address of Property)

9. **CLOSING:**
   A. The closing of the sale will be on or before _____May 24_____, __2016__, or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.
   B. At closing:
      (1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.
      (2) Buyer shall pay the Sales Price in good funds acceptable to the escrow agent.
      (3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.
      (4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.
      (5) If the Property is subject to a residential lease, Seller shall transfer security deposits (as defined under §92.102, Property Code), if any, to Buyer. In such an event, Buyer shall deliver to the tenant a signed statement acknowledging that the Buyer has acquired the Property and is responsible for the return of the security deposit, and specifying the exact dollar amount of the security deposit.

10. **POSSESSION:**
    A. Buyer's Possession: Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☒ upon closing and funding ☐ according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.
    B. Leases:
       (1) After the Effective Date, Seller may not execute any lease (including but not limited to mineral leases) or convey any interest in the Property without Buyer's written consent.
       (2) If the Property is subject to any lease to which Seller is a party, Seller shall deliver to Buyer copies of the lease(s) and any move-in condition form signed by the tenant within 7 days after the Effective Date of the contract.

11. **SPECIAL PROVISIONS:** (Insert only factual statements and business details applicable to the sale. TREC rules prohibit license holder from adding factual statements or business details for which a contract addendum, lease or other form has been promulgated by TREC for mandatory use.) N/A

12. **SETTLEMENT AND OTHER EXPENSES:**
    A. The following expenses must be paid at or prior to closing:
       (1) Expenses payable by Seller (Seller's Expenses):
          (a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.
          (b) Seller shall also pay an amount not to exceed $ -0- to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.
       (2) Expenses payable by Buyer (Buyer's Expenses): Appraisal fees; loan application fees; origination charges; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; loan title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; Private

TAR 1601    Initialed for identification by Buyer __KB__ __M__ and Seller __DL__      TREC NO. 20-13
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          4448 Corner Brook

Contract Concerning _____4448 Corner Brook Lane_____
                        Fort Worth, Texas   76123                Page 6 of 9   11-2-2015
                        (Address of Property)

Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender; and other expenses payable by Buyer under this contract.

  B. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

13. **PRORATIONS:** Taxes for the current year, interest, maintenance fees, assessments, dues and rents will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

14. **CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the effective date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds, if permitted by Seller's insurance carrier, and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

15. **DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If Seller fails to comply with this contract, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

16. **MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion will be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

17. **ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

18. **ESCROW:**
  A. **ESCROW:** The escrow agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as escrow agent.
  B. **EXPENSES:** At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, escrow agent may: (i) require a written release of liability of the escrow agent from all parties, (ii) require payment of unpaid expenses incurred on behalf of a party, and (iii) only deduct from the earnest money the amount of unpaid expenses incurred on behalf of the party receiving the earnest money.
  C. **DEMAND:** Upon termination of this contract, either party or the escrow agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the escrow agent. If either party fails to execute the release, either party may make a written demand to the escrow agent for the earnest money. If only one party makes written demand for the earnest money, escrow agent shall promptly provide a copy of the demand to the other party. If escrow agent does not receive written objection to the demand from the other party within 15 days, escrow agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors. If escrow agent complies with the provisions of this paragraph, each party hereby releases escrow agent from all adverse claims related to the disbursal of the earnest money.

TAR 1601   Initialed for identification by Buyer __K__ __M__ and Seller __DL__         TREC NO. 20-13
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com        4448 Corner Brook

Case 15-41423-mxm13 Doc 24 Filed 04/25/16 Entered 04/25/16 10:11:08 Page 11 of 15

Contract Concerning: 4448 Corner Brook Lane, Fort Worth, Texas 76123
(Address of Property)

Page 7 of 9 11-2-2015

D. **DAMAGES:** Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for (i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.
E. **NOTICES:** Escrow agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by escrow agent.

19. **REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

20. **FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by applicable law or if Seller fails to deliver an affidavit to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

21. **NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by fax or electronic transmission as follows:

To Buyer at: _____

Phone: (972) 693-5658
Fax: (972) 590-87914
E-mail: johnbrookstherealtor@gmail.com

To Seller at: DENISE LINDSEY williamseents@gmail.com
cc: brandonsellsdfw@outlook.com
Phone: _____
Fax: _____
E-mail: DENISES LINDSEY 69 @ GMAIL.COM

(DL initials)

22. **AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (Check all applicable boxes):

☐ Third Party Financing Addendum
☐ Seller Financing Addendum
☒ Addendum for Property Subject to Mandatory Membership in a Property Owners Association
☐ Buyer's Temporary Residential Lease
☐ Loan Assumption Addendum
☒ Addendum for Sale of Other Property by Buyer
☐ Addendum for Reservation of Oil, Gas and Other Minerals
☐ Addendum for "Back-Up" Contract
☐ Addendum for Coastal Area Property

☐ Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum
☐ Seller's Temporary Residential Lease
☐ Short Sale Addendum
☐ Addendum for Property Located Seaward of the Gulf Intracoastal Waterway
☐ Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead-based Paint Hazards as Required by Federal Law
☐ Addendum for Property in a Propane Gas System Service Area
☐ Other (list): _____

TAR 1601  Initialed for identification by Buyer K̲o̲e̲ M̲ and Seller DL    TREC NO. 20-13

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    4448 Corner Brook

Contract Concerning __4448 Corner Brook Lane, Fort Worth, Texas 76123__ Page 8 of 9  11-2-2015
(Address of Property)

23. **TERMINATION OPTION:** For nominal consideration, the receipt of which is hereby acknowledged by Seller, and Buyer's agreement to pay Seller $ __150.00__ (Option Fee) within 3 days after the effective date of this contract, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within __7__ days after the effective date of this contract (Option Period). Notices under this paragraph must be given by 5:00 p.m. (local time where the Property is located) by the date specified. If no dollar amount is stated as the Option Fee or if Buyer fails to pay the Option Fee to Seller within the time prescribed, this paragraph will not be a part of this contract and Buyer shall not have the unrestricted right to terminate this contract. If Buyer gives notice of termination within the time prescribed, the Option Fee will not be refunded; however, any earnest money will be refunded to Buyer. The Option Fee [X] will [ ] will not be credited to the Sales Price at closing. **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

24. **CONSULT AN ATTORNEY BEFORE SIGNING:** TREC rules prohibit real estate license holders from giving legal advice. READ THIS CONTRACT CAREFULLY.

Buyer's Attorney is: __N/A__

Seller's Attorney is: _____

Phone: _____

Phone: _____

Fax: _____

Fax: _____

E-mail: _____

E-mail: _____

EXECUTED the __22ND__ day of __APRIL__, __2016__ (EFFECTIVE DATE).
(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)

DocuSigned by:
_Katherine A. Loizos_ 4/14/2016
Buyer Katherine A. Loizos

_Denise Lindsey_
Seller Denise Lindsey

DocuSigned by:
_M. Loizos_ 4/14/2016
Buyer Marcus A. Loizos

Seller _____

The form of this contract has been approved by the Texas Real Estate Commission. TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (http://www.trec.texas.gov) TREC NO. 20-13. This form replaces TREC NO. 20-12.

TAR 1601    TREC NO. 20-13

Contract Concerning: 4448 Corner Brook Lane, Fort Worth, Texas 76123
(Address of Property)
Page 9 of 9  11-2-2015

## BROKER INFORMATION
(Print name(s) only. Do not sign)

| Other Broker Firm | License No. | Listing Broker Firm | License No. |
|---|---|---|---|
| JB Real Estate Group | 0615748 | Fathom Realty | 0601430 |

represents:
- [X] Buyer only as Buyer's agent
- [ ] Seller as Listing Broker's subagent

represents:
- [ ] Seller and Buyer as an intermediary
- [X] Seller only as Seller's agent

| Associate's Name | License No. | Listing Associate's Name | License No. |
|---|---|---|---|
| John Brooks | 0615748 | Brandon Stewart | 0648608 |

| Licensed Supervisor of Associate | License No. | Licensed Supervisor of Listing Associate | License No. |
|---|---|---|---|
| N/A | | Roger Paschal | 0545690 |

Other Broker's Address: 3333 Lee Pkwy, Ste 677  Fax: (972)590-8791
Listing Broker's Office Address: 6841 Virginia Pkwy #103-448  Fax: (972)807-0067

City: Dallas  State: TX  Zip: 75219
City: McKinney  State: TX  Zip: 75071

Associate's Email Address: johnbrookstherealtor@gmail.com  Phone: (972)693-5658
Listing Associate's Email Address: brandonsellsdfw@outlook.com  Phone: (817)368-6687

Selling Associate's Name _____ License No. _____

Licensed Supervisor of Selling Associate _____ License No. _____

Selling Associate's Office Address _____ Fax _____

City _____ State _____ Zip _____

Selling Associate's Email Address _____ Phone _____

Listing Broker has agreed to pay Other Broker **3.000%** of the total sales price when the Listing Broker's fee is received. Escrow agent is authorized and directed to pay other Broker from Listing Broker's fee at closing.

## OPTION FEE RECEIPT

Receipt of $ _____ (Option Fee) in the form of _____ is acknowledged.

Seller or Listing Broker _____ Date _____

## CONTRACT AND EARNEST MONEY RECEIPT

Receipt of ☐ Contract and ☐ $ _____ Earnest Money in the form of _____ is acknowledged.

Escrow Agent: _____ Date: _____

By: _____ Email Address _____

Phone: _____

Address _____ Fax: _____

City _____ State _____ Zip _____

TAR 1601  TREC NO. 20-13
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com  4448 Corner Brook

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC) 08-18-2014

## ADDENDUM FOR PROPERTY SUBJECT TO MANDATORY MEMBERSHIP IN A PROPERTY OWNERS ASSOCIATION
(NOT FOR USE WITH CONDOMINIUMS)

ADDENDUM TO CONTRACT CONCERNING THE PROPERTY AT

4448 Corner Brook Lane _____ Fort Worth
(Street Address and City)

Lone Star Association Management (469) 384-2088
(Name of Property Owners Association, (Association) and Phone Number)

A. **SUBDIVISION INFORMATION:** "Subdivision Information" means: (i) a current copy of the restrictions applying to the subdivision and bylaws and rules of the Association, and (ii) a resale certificate, all of which are described by Section 207.003 of the Texas Property Code.
(Check only one box):

☒ 1. Within __14__ days after the effective date of the contract, Seller shall obtain, pay for, and deliver the Subdivision Information to the Buyer. If Seller delivers the Subdivision Information, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer. If Buyer does not receive the Subdivision Information, Buyer, as Buyer's sole remedy, may terminate the contract at any time prior to closing and the earnest money will be refunded to Buyer.

☐ 2. Within _____ days after the effective date of the contract, Buyer shall obtain, pay for, and deliver a copy of the Subdivision Information to the Seller. If Buyer obtains the Subdivision Information within the time required, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer. If Buyer, due to factors beyond Buyer's control, is not able to obtain the Subdivision Information within the time required, Buyer may, as Buyer's sole remedy, terminate the contract within 3 days after the time required or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.

☐ 3. Buyer has received and approved the Subdivision Information before signing the contract. Buyer ☐ does ☐ does not require an updated resale certificate. If Buyer requires an updated resale certificate, Seller, at Buyer's expense, shall deliver it to Buyer within 10 days after receiving payment for the updated resale certificate from Buyer. Buyer may terminate this contract and the earnest money will be refunded to Buyer if Seller fails to deliver the updated resale certificate within the time required.

☐ 4. Buyer does not require delivery of the Subdivision Information.

The title company or its agent is authorized to act on behalf of the parties to obtain the Subdivision Information ONLY upon receipt of the required fee for the Subdivision Information from the party obligated to pay.

B. **MATERIAL CHANGES.** If Seller becomes aware of any material changes in the Subdivision Information, Seller shall promptly give notice to Buyer. Buyer may terminate the contract prior to closing by giving written notice to Seller if: (i) any of the Subdivision Information provided was not true; or (ii) any material adverse change in the Subdivision Information occurs prior to closing, and the earnest money will be refunded to Buyer.

C. **FEES:** Except as provided by Paragraphs A, D and E, Buyer shall pay any and all Association fees or other charges associated with the transfer of the Property not to exceed $ 150.00 and Seller shall pay any excess.

D. **DEPOSITS FOR RESERVES:** Buyer shall pay any deposits for reserves required at closing by the Association.

E. **AUTHORIZATION:** Seller authorizes the Association to release and provide the Subdivision Information and any updated resale certificate if requested by the Buyer, the Title Company, or any broker to this sale. If Buyer does not require the Subdivision Information or an updated resale certificate, and the Title Company requires information from the Association (such as the status of dues, special assessments, violations of covenants and restrictions, and a waiver of any right of first refusal), ☐ Buyer ☒ Seller shall pay the Title Company the cost of obtaining the information prior to the Title Company ordering the information.

NOTICE TO BUYER REGARDING REPAIRS BY THE ASSOCIATION: The Association may have the sole responsibility to make certain repairs to the Property. If you are concerned about the condition of any part of the Property which the Association is required to repair, you should not sign the contract unless you are satisfied that the Association will make the desired repairs.

Buyer Katherine A. Loizos   4/14/2016       Seller Denise Lindsey

Buyer Marisa A. Loizos   4/14/2016       Seller

The form of this addendum has been approved by the Texas Real Estate Commission for use only with similarly approved or promulgated forms of contracts. Such approval relates to this contract form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (www.trec.texas.gov) TREC No. 36-8. This form replaces TREC No. 36-7.

TREC NO. 36-8

(TAR 1922) 08-18-2014

JB Real Estate Group, 3333 Lee Pkwy - Suite 677 Dallas, TX 75219     Phone: (972) 693-5656     Fax: (972) 590-8791   4448 Corner Brook
John Brooks     Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC) 12-05-2011

# ADDENDUM FOR
# SALE OF OTHER PROPERTY BY BUYER

## TO CONTRACT CONCERNING THE PROPERTY AT

4448 Corner Brook Lane, Fort Worth, Texas 76123
(Address of Property)

A. The contract is contingent upon Buyer's **receipt of the proceeds** from the sale of Buyer's property at 182 Battery Ave, Brooklyn, NY 11209 (Address) on or before May 20, 2016 (the Contingency). If the Contingency is not satisfied or waived by Buyer by the above date, the contract will terminate automatically and the earnest money will be refunded to Buyer.

NOTICE: The date inserted in this Paragraph should be no later than the Closing Date specified in Paragraph 9 of the contract.

B. If Seller accepts a written offer to sell the Property, Seller shall notify Buyer (1) of such acceptance AND (2) that Seller requires Buyer to waive the Contingency. Buyer must waive the Contingency on or before the 2nd day after Seller's notice to Buyer; otherwise the contract will terminate automatically and the earnest money will be refunded to Buyer.

C. Buyer may waive the Contingency only by notifying Seller of the waiver and depositing $ -0- with escrow agent as additional earnest money. All notices and waivers must be in writing and are effective when delivered in accordance with the contract.

D. If Buyer waives the Contingency and fails to close and fund solely due to Buyer's non-receipt of proceeds from Buyer's sale of the Property described in Paragraph A, Buyer will be in default. If such default occurs, Seller may exercise the remedies specified in Paragraph 15 of the contract.

E. For purposes of this Addendum time is of the essence; strict compliance with the times for performance stated herein is required.

DocuSigned by: Katherine A. Loizos 4/14/2016
Buyer C61CF6E3F3AB42D...
Katherine A. Loizos

Seller
Denise Lindsey

DocuSigned by: 4/14/2016
Buyer D07218B5C8554E5...
Maria A. Loizos

Seller

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not suitable for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov) TREC No. 10-6. This form replaces TREC No. 10-5.

(TAR-1908) 12-05-2011 TREC No. 10-6

JB Real Estate Group, 3333 Lee Pkwy - Suite 677 Dallas, TX 75219
Phone: (972) 693-5658  Fax: (972) 590-8791  John Brooks  4448 Corner Brook
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com